IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. S-09-0015 EJG

    v.                     <u>ORDER DENYING MOTION TO AMEND</u>
                            <u>RELEASE ORDER AND UPHOLDING</u>
JERRY ALBERT POOL,        <u>DNA TESTING CONDITION</u>

        Defendant.
_____/

    This matter is before the court on defendant's motion to amend the conditions of his pre-trial release.  The motion was filed pursuant to 18 U.S.C. § 3145(a)(2) and seeks to have the court strike a condition requiring him to submit to DNA testing.  After reviewing the record, the documents filed in connection with the motion, and the law, the court has determined that oral argument will not be of material assistance.  Accordingly, the hearing set for July 31, 2009 is VACATED.  For the reasons set forth below, the motion to amend is DENIED.

///

///

1

## Background

Defendant was indicted January 8, 2009, on one count of possession, and one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (a)(2). On January 23, 2009, following his initial appearance and arraignment before the magistrate judge, defendant was released on bond, subject to various conditions, one of which required him to submit a DNA sample. Defendant sought to stay imposition of the condition while seeking review before the magistrate judge. The request for a stay was granted and the parties submitted briefs on the issue of the DNA testing condition. On May 27, 2009, the magistrate judge issued his order rejecting the defendant's constitutional challenges and upholding the condition of DNA collection. Defendant filed an "appeal" of that order,[1] as well as a request for oral argument, and a request for an extension of the stay. The magistrate judge extended the stay pending further order of the district court.

## Discussion

The condition at issue was imposed pursuant to 18 U.S.C. §§ 3142(b) and (c)(1)(A), statutory amendments to the Bail Reform Act which make cooperation in DNA collection a mandatory

---

[1] Although captioned an "appeal", statutory and case law provide that the motion is really one to amend the conditions of release. See 18 U.S.C. § 3145(a)(2) ("If a person is ordered released by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release."); United States v. Smith, 87 F.R.D. 693, 698 (E.D. Cal. 1980) ("the mechanism by which the magistrate's disposition . . . is considered by the district court is the 'motion to amend the order' provided by the Bail Act.")

1 condition of pretrial release.  Defendant argues that the
2 mandatory extraction of DNA from one who has not been convicted
3 of an offense, violates his fourth, fifth and eighth amendment
4 rights and, in addition, is an unconstitutional extension of
5 federal power and violates the doctrine of separation of powers.
6 The issues were well-briefed before the magistrate judge and the
7 parties have submitted the matter to the district court on the
8 basis of those briefs.  Although defendant has requested oral
9 argument, the court does not believe it will be of any benefit,
10 given the purely legal nature of the issue and the exhaustive
11 nature of the briefs filed to date.

12  Having conducted a de novo review[2], the court finds the
13 magistrate judge's findings and analysis exhaustive, well-
14 reasoned and supported by the record and the law.  Further, the
15 court concurs with and adopts his conclusion:

> [A]fter a judicial or grand jury determination of probable cause has been made for felony criminal charges against a defendant, no Fourth Amendment or other Constitutional violation is caused by a universal requirement that a charged defendant undergo a 'swab test', or blood test when necessary, for the purposes of DNA analysis to be used solely for criminal law enforcement identification purposes.

20 Order, 2:5-10, filed May 27, 2009.[3]

---

[2] "[T]he district court is to exercise *de novo* consideration of all the facts properly before it when a motion to amend a review order is made." United States v. Smith, 87 F.R.D. at 699.

[3] On June 23, 2009, after the filing of the briefs in the instant case, the Ninth Circuit issued an opinion reversing a grant of summary judgment to Nevada law enforcement officers on the basis of qualified immunity in which the court found the forcible extraction of a DNA sample from a pre-trial detainee violative of the Fourth Amendment. Friedman v. Boucher, No. 05-15675 (9th Cir., June 23, 2009).  This court finds Friedman distinguishable and inapplicable to

3

Conclusion

Defendant's motion to amend the conditions of his pre-trial release to strike the condition of DNA testing is DENIED.  The stay of imposition of that condition is lifted and the matter is referred back to Magistrate Judge Hollows for issuance of a modified order of release adding the afore-mentioned special condition of DNA testing.

IT IS SO ORDERED.

Dated: July 15, 2009

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

---

the facts of the instant case.

Friedman involved Nevada authorities requesting a DNA sample from a pre-trial detainee on the basis of a Montana statute that required persons convicted of certain offenses to provide such a sample.  Although plaintiff in that case had a prior conviction in Montana subjecting him to the statute, he was being held in Nevada on unrelated charges. The DNA sample was sought by Nevada authorities absent any judicial justification and only "as an aid to solve cold cases".   In contrast, the DNA test in the instant case was authorized by court order based on a federal statute mandating extraction as a condition of pre-trial release, and its use is limited by the magistrate judge's holding, adopted in full by this court, to "criminal law enforcement identification purposes."  Order, 2: 9-10, filed May 27, 2009.  Finally, the court in Friedman did not analyze the issue under the "totality of circumstances" test found applicable in the instant case.

4